## No. 11,568.

### RULON, ET AL. *v.* SILVERMAN.

Decided May 24, 1926.

Action in mandamus.    Judgment for petitioner.

*Affirmed.*

*On Application for Supersedeas.*

1. MANDAMUS—*Corporate Records—Inspection.*    In an action in mandamus for inspection of corporate records, a writ directing respondents to permit plaintiff to examine "the" books, etc., held correct in form.

2. CORPORATIONS—*Stockholders—Inspection of Records.*    A stockholder of a corporation, under the provisions of section 2267, C. L. '21, has the right to inspect and examine all books of the company.

3. MANDAMUS—*Pleading—Remedies.*    Where the allegations of a writ of mandamus disclose that mandamus is the only adequate remedy, allegations to the inadequacy of the ordinary legal remedies are unnecessary.

4. *Writ—Sufficiency.*    Writ of mandamus in an action for inspection of corporate records, held sufficient.

5. CORPORATIONS—*Stockholders—Inspection of Books—Mandamus.*    Section 2267, C. L. '21, providing for the inspection of corporate books by stockholders, is complete in itself, and a stockholder is not obliged to conform to or seek relief under any other statute.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. HARRY S. CLASS, for plaintiffs in error.

Mr. MOSE SILVERMAN, Mr. NATHAN I. GOLDEN, for defendant in error.

*Department Two.*

Mr. Chief Justice Allen delivered the opinion of the court.

This is an action in mandamus to compel the president and the secretary, respectively, of a corporation to permit the petitioner, a stockholder, to inspect and examine the books, accounts and papers of the corporation. To the amended alternative writ respondents filed separate demurrers. The demurrers being thereafter overruled, they elected to stand on their demurrers, and the writ was made peremptory. Respondents bring the case here, and ask that the writ of error be made a supersedeas.

The plaintiffs in error, respondents below, challenge, on several grounds, the sufficiency of the alternative writ.

It is argued that the writ is ambiguous, unintelligible and uncertain because it does not specify the particular books, accounts or papers which the petitioner is permitted to inspect. There is no merit in this objection. The writ directs respondents to permit plaintiff to examine *"the"* books, etc. The form is correct. Sometimes the judgment provides for the permission to inspect *"all"* books, etc. See *Kimball v. Dern,* 39 Utah, 181, 116 Pac. 28, Ann. Cas. 1913E, 166, 35 L. R. A. (N. S.) 134. The petitioner has the right to inspect and examine all the books. Section 2267, C. L. 1921, provides, among other things, that "any stockholder * * * shall have the right, at all reasonable times, to inspect and examine all the books, accounts and papers of the corporation."

Another objection to the amended alternative writ is that it contains no allegations as to the inadequacy of the ordinary legal remedies. Such allegations are not necessary where the facts alleged disclose that mandamus is the only adequate remedy, and that is the case here. 38 C. J. 881, note 3; 38 C. J. 795, note 3. The legal remedies would be inadequate. *Weihenmayer v. Bitner,* 88 Md. 325, 42 Atl. 245, 45 L. R. A. 446.

It is argued that the writ is defective because it does not contain any allegations of fact. The answer to this contention is that it does contain the necessary allegations, and in proper form. The writ contains the clause: "Whereas it manifestly appears to the court, from the verified petition and affidavit of M. Silverman, the plaintiff and party beneficially interested herein;" Then follow the allegations of the petition. The averments of the writ are direct and not by way of recital. The writ in this case corresponds to the forms prescribed in 3 Winslow's Forms of Pleading and Practice, pages 2223-2225.

It is asserted that the writ does not negative statutory exceptions. But, if that is necessary, it in fact does. It alleges that the corporation "is not a railroad or telegraph company." That is the only exception mentioned in section 2267, C. L. 1921, which makes it the duty of the directors or trustee of every corporation, "except railroad and telegraph companies," to keep correct books of account of all its business, and gives any stockholder the right to inspect and examine all such books. The writ sets forth sufficient facts showing petitioner's right, and the respondents' duty, under that section. We need not be concerned with section 2268, C. L. 1921, which deals with the duty of certain corporations to keep a stock ledger, and the right of stockholders and creditors to inspect such book. Section 2267, under which plaintiff has made out his case, is complete in itself, and he was not obliged to conform to, or to seek relief, under any other statute.

There was no error in overruling the demurrers to the amended alternative writ. The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.